# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION

| | | |
|---|---|---|
| **RICARDO JOHN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **KEFFER OF MOORESVILLE LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, RICARDO JOHN ("Plaintiff" or "John") files their Complaint against the Defendant, KEFFER OF MOORESVILLE LLC. ("Defendant" or "Keffer"), and states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, injunctive relief, and other equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), as applicable. Plaintiff alleges that Defendant engaged in unlawful employment practices based on race, in violation of the aforementioned laws. These actions include, but are not limited to, discrimination, retaliation, and wrongful termination.

## JURISDICTION

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights

under Title VII.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events, or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this district.

## THE PARTIES

4.      Plaintiff, John, is a citizen of the United States was at all times material a resident of this district.

5.      Defendant, Keffer, is a For-Profit Corporation that operates in this district.

6.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7.      Plaintiff has complied with all statutory prerequisites to filing this action.

8.      On August 4, 2025, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b)and (e), based on race discrimination and retaliation.

9.      Plaintiff's EEOC charge was filed within one hundred eighty (180) days after the alleged unlawful employment practices occurred.

10.     On March 27, 2026, the EEOC issued a Determination of Charge and Notice of Right to Sue.

11.     This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12.     Plaintiff Ricardo John is a Black male who was employed by Defendant Keffer of

2

Mooresville LLC.

13.     On or about March 17, 2025, Plaintiff returned to work at Keffer of Mooresville LLC and began experiencing racial discrimination from his supervisor, Raquise "Rocky" Smith.

14.     During the course of Plaintiff's employment, Mr. Smith made racially charged remarks toward Plaintiff, including questioning Plaintiff's ethnicity and expressing surprise at Plaintiff's name.

15.     These comments persisted for several months and created a hostile and uncomfortable work environment for Plaintiff.

16.     On or about May 29, 2025, Mr. Smith sent Plaintiff a text message containing racially offensive language, which further contributed to the discriminatory environment Plaintiff was subjected to.

17.     Plaintiff felt deeply uncomfortable with this conduct but did not directly confront Mr. Smith due to the clear power imbalance between supervisor and subordinate.

18.     On or about June 17, 2025, while Plaintiff was on vacation, Mr. Smith sent Plaintiff another inappropriate and offensive text message.

19.     Plaintiff reported this behavior to General Manager Gerald Bennett. However, Mr. Bennett demonstrated indifference to Plaintiff's complaint and dismissed Plaintiff's concerns without taking corrective action.

20.     On or about July 4, 2025, the situation escalated when Plaintiff received a voicemail from Mr. Smith in which Mr. Smith directly referred to Plaintiff using a racial slur.

21.     On July 6, 2025, Plaintiff submitted a formal complaint to Jessica Reilly, the Director of Human Resources, regarding the racial harassment he had experienced.

3

22. Despite Plaintiff's attempts to seek resolution through the appropriate internal channels, Defendant failed to take meaningful action to address the reported discrimination.

23. Shortly after submitting his complaint, Plaintiff began experiencing retaliatory conduct, including being excluded from internal communications and receiving a vague email implying the end of his employment.

24. By July 9, 2025, Plaintiff was effectively terminated without any formal notice.

25. Defendant's assertion that Plaintiff intended to resign was false. Plaintiff had clearly communicated his desire to resolve the issue in written correspondence with Human Resources.

26. Plaintiff's termination occurred after he reported racial harassment and engaged in protected activity, and in the context of documented racial discrimination.

27. Defendant's actions constitute unlawful racial discrimination, retaliation, and retaliatory discharge in violation of federal law, including Title VII of the Civil Rights Act of 1964.

## Count I:Race Based Discrimination in Violation of Title VII

28. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

29. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of their race, Black.

30. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

31. Defendant is prohibited under Title VII from discriminating against Plaintiff because of their race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

32. Defendant violated Title VII by discharging and discriminating against Plaintiff

4

based on their race.

33. Defendant intentionally discriminated against Plaintiff on the basis of their race.

34. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

35. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II:Retaliation in Violation of VII

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

37. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

38. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

39. Defendant's conduct violated Title VII.

40. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

41. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling them to compensatory damages.

5

42. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling them to punitive damages.

### Count III: Unlawful Race Based Discrimination in Violation of Section 1981

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

44. Defendant discriminated against Plaintiff in violation of Section 1981.

45. Based on the conduct described above, Defendant's intentionally deprived Plaintiff of the same rights as non-Black employees.

46. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Plaintiff to equitable monetary relief.

47. Plaintiff has also suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

48. Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling them to an award of punitive damages.

### Count IV: Retaliation in Violation of Section 1981

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

50. Plaintiff engaged in protected activity under Section 1981 while employed by Defendant's.

51. Defendant's engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

6

52. Defendant's conduct violated Section 1981.

53. Defendant's discriminatory conduct, in violation of Section 1981, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

54. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

55. Defendant's have engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff their costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
{North Carolina Bar No. 54125}
**Martoccio Law Group**
2101 W. Platt St. Suite 200
Tampa, Florida 33606

7

T: (813) 725-3279
gary@martocciofirm.com
*Counsel for Plaintiff*

8